**PIONEER HI–BRED INTERNATIONAL, INC., Appellant,**

v.

**WILSON HYBRIDS, INC., Appellee.**

**PIONEER HI–BRED INTERNATIONAL, INC., Appellee,**

v.

**WILSON HYBRIDS, INC., Appellant.**

**Nos. 82–1935, 82–1958.**

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1984.

Decided May 4, 1984.

Rehearing Denied May 31, 1984.

H. Robert Henderson, Michael O. Sturm, Richard L. Fix, Henderson & Sturm, Des Moines, Iowa, for appellee/cross-appellant, Wilson.

Donald H. Zarley, Michael G. Voorhees, Zarley, McKee, Thomte, Voorhees & Sease, Des Moines, Iowa, for appellant/cross-appellee, Pioneer.

Before BRIGHT, Circuit Judge, SWYGERT, Senior Circuit Judge * and BOWMAN, Circuit Judge.

PER CURIAM.

Pioneer Hi-Bred International, Inc. (Pioneer) brought this action against Wilson Hybrids, Inc. (Wilson) for trademark infringement under federal law (15 U.S.C. § 1125) and unfair competition under Iowa law (Iowa Code §§ 548.10 and 548.11).

Both corporations, headquartered in Iowa, produce and sell hybrid seed corn and other agricultural products.

Since 1964, Pioneer has used, in its advertising, an oblong hexagonal emblem or designation.

* LUTHER M. SWYGERT, United States Senior Circuit Judge for the Seventh Circuit, sitting by

sign, the top portion of which contains, in black letters on a white background, the name and identifying symbol of the company. The bottom portion of Pioneer's emblem contains white lettering, usually identifying a particular Pioneer product by number, on a red background.

In 1968, Wilson began using an oblong hexagonal emblem, the top portion of which contains, in red letters on a white background, the name of the company; the bottom portion of the emblem is red, and contains a white rectangle within which, in red letters, appears the word "seeds."

In 1976, Wilson developed a new emblem, which has since largely replaced the 1968 emblem in Wilson's advertising. The new emblem, like Pioneer's emblem, was an oblong hexagon containing, across the top, the company name in black letters on a white background, and across the bottom, white lettering on a red background.

The district court[1] held that Pioneer had a protectible interest in the emblem it has used since 1964.[2] It held that the emblem Wilson used from 1968 to 1976 did not infringe Pioneer's rights, because differences in the respective color schemes of the Pioneer emblem and the 1968 Wilson emblem sufficiently distinguished the emblems from each other. But the court also held that Wilson's 1976 emblem, closely resembling Pioneer's in color combination (black-on-white top, white-on-red bottom) as well as shape, did infringe Pioneer's rights. The court accordingly enjoined Wilson from using its 1976 emblem.

From the district court's decision enjoining Wilson from using one but not the other of its emblems, both parties appeal. Pioneer contends that the district court should have enjoined Wilson from using both the 1968 and 1976 emblems. Wilson argues that the court should not have enjoined the use of either of the Wilson emblems.

We reject the arguments of both parties and affirm the judgment of the district court. These appeals raise primarily issues of fact. The district court's findings of fact cannot be characterized as clearly erroneous, *see* Fed.R.Civ.P. 52(a), and its conclusions of law follow from those findings. Because no useful purpose would be served by the detailed repetition of those facts and conclusions here, we affirm the decision of the district court on the basis of its well-reasoned opinion.

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa. *See Pioneer Hi-Bred International, Inc. v. Wilson Hybrids, Inc.,* 585 F.Supp. 1 (S.D.Ia. 1982).

2. The court rejected Pioneer's broader claim that it had a protectible interest in a "blank" red-and-white oblong hexagon, devoid of any lettering or other identifying marks.